William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973)-596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

*Attorneys for Plaintiff*
*Shionogi Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIONOGI INC., | |
| Plaintiff, | Civil Action No. 26-3893 |
| v. | |
| LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Shionogi Inc. ("Shionogi" or "Plaintiff"), by its undersigned attorneys, brings this

action for patent infringement against Defendants Lupin Limited and Lupin Pharmaceuticals, Inc.

("Lupin Pharmaceuticals") (collectively "Lupin" or "Defendants"), and hereby alleges, on

knowledge as to its own actions, and on information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is an action for infringement by Defendants, under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, of Shionogi's United States Patent Nos. 12,478,611 ("the '611 patent") and 12,527,769 ("the '769 patent") (collectively, the "Patents-in-Suit"), under the United States Patent Laws, 35 U.S.C. §§ 100 et seq., the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq., and as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

2. This action arises from Defendants' submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 219415, seeking approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of its pharmaceutical products before the expiration of the Patents-in-Suit, which are listed in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, (the FDA's "Orange Book") for RADICAVA ORS®.

3.      There are several related patent infringement actions, involving the same drug RADICAVA ORS® and certain of the same patents, pending in this District. *See In re Radicava ORS*, Case No. 2:25-cv-03326 (D.N.J.) (filed Apr. 25, 2025); *Tanabe Pharma Corp. v. Sandoz Inc.*, Case No. 2:25-cv-16664 (D.N.J) (filed Oct. 15, 2025); *Tanabe Pharma Corp. v. Cipla USA, Inc., et al.*, Case No. 2:25-cv-16677 (D.N.J.) (filed Oct. 16, 2025); *Tanabe Pharma Corp. v. Apotex Inc., et al.*, Case No. 2:25-cv-16679 (D.N.J.) (filed Oct. 16, 2025); *Tanabe Pharma Corp. v. Lupin Ltd., et al.*, Case No. 2:25-cv-16680 (D.N.J.) (filed Oct. 16, 2025); *Mitsubishi Tanabe Pharma Corp. v. Zydus Pharmaceuticals (USA) Inc. et al.*, Case No. 2:25-cv-18032 (D.N.J.) (filed Nov. 29, 2025); *Tanabe Pharma Corp. v. Azurity Pharmaceuticals, Inc. et al.*, Case No. 2:26-cv-00559 (D.N.J.) (filed Jan. 16, 2026); *Tanabe Pharma Corp. v. Cipla USA, Inc., et al.*, Case No. 2:26-cv-01734 (D.N.J.) (filed Feb. 20, 2025).

4.      As publicly announced on December 22, 2025, Shionogi entered into an agreement to acquire the global RADICAVA ORS® business from Tanabe Pharma Corporation ("TPC") (formerly known as Mitsubishi Tanabe Pharma Corporation ("MTPC")). As of April 1, 2026, Shionogi acquired ownership and control of the RADICAVA ORS® assets in the United States, including the NDA for RADICAVA ORS® and its Orange Book-listed patents.

5.      Pursuant to this transfer of ownership, TPC intends to file motions pursuant to Federal Rule of Civil Procedure 25(c) to address the transfer of interest and to substitute Shionogi as the appropriate Plaintiff.

### **AMYOTROPHIC LATERAL SCLEROSIS**

6.      Amyotrophic lateral sclerosis ("ALS"), also known as Lou Gehrig's disease, is a devastating and fatal neurodegenerative disease that causes motor neurons – nerve cells in the brain and spinal cord – to progressively decay and die. When this happens, the brain's ability to

control muscle movement is progressively lost as the patient loses the ability to speak, eat, move and eventually breathe. The underlying causes of ALS are not known. Once diagnosed with ALS patients, on average, die within 3 to 5 years from when symptoms first appear, although their quality of life deteriorates substantially throughout their few remaining years. However, in patients diagnosed much later, the survival window is even shorter – often within months.  There is no cure for ALS.[1]

7.      The care of an ALS patient is burdensome, requiring a team of medical professionals, specialized equipment, and constant attention of a caregiver. Caregivers are often relatives who have forgone their occupations in order to care for the daily activities of the ALS patient. The demands of caregiving for an ALS patient take a toll on the health and finances of their caregivers as well. Of the neurodegenerative diseases, ALS is considered one of the most expensive and burdensome, imposing significant direct and indirect costs on the ALS patient, the caregivers, medical professionals, and the healthcare industry.

8.      Since 1980, although over one hundred (100+) clinical trials with various compounds have been conducted and published, only four active pharmaceutical ingredients ("APIs") have been approved by the FDA for the treatment of ALS. RELYVRIO®, a drug using one of those APIs, was subsequently withdrawn from the market due to a failed clinical study. RADICAVA ORS® is one of the few drug formulations containing one of the remaining three approved APIs for the treatment of ALS.

---

[1] Information in this paragraph sourced from www.als.org and the National Institute of Health's "Amyotrophic Lateral Sclerosis fact sheet" (January 2017), available from https://www.ninds.nih.gov/sites/default/files/migrate-documents/ALS_FactSheet-E_508C.pdf and downloaded on September 28, 2025.

**RADICAVA ORS®**

9.      Shionogi is the owner of NDA No. 215446. Through its approval of NDA No. 215446 on May 12, 2022, the FDA granted approval of the first oral suspension formulation containing the edaravone API at a dose concentration of 105 mg/mL, available in the United States and marketed and sold under the trade name RADICAVA ORS®.

10.     TPC, the prior owner of the RADICAVA ORS® business and assets and developer of RADICAVA ORS®, invested hundreds of millions of dollars in research and development demonstrating the efficacy and safety of RADICAVA ORS® for the treatment for ALS.

11.     Although there is no cure for ALS, RADICAVA ORS® helps slow the progression (*i.e.*, loss of physical function) of the disease in ALS patients by approximately thirty-three percent (33%) as compared to a placebo over the same six-month period. Unlike the prior RADICAVA® intravenous ("IV") formulation, RADICAVA ORS® can be administered by the patient or caregivers at the convenience of a home setting, either orally or via a feeding tube, and in only a few minutes. There is no need to transport the patient to a healthcare facility for IV injection of RADICAVA®.

12.     On March 28, 2024, the FDA granted seven years of Orphan Drug Exclusivity for RADICAVA ORS® for the treatment of ALS based upon the FDA's assessment that RADICAVA ORS® constitutes a major contribution to patient care for people living with ALS because it provides patients the clinically superior option of an oral suspension route of administration, reducing the burden patients faced with IV administration of the previously approved RADICAVA® formulation.

13.     Pursuant to 21 U.S.C. § 360cc(a)(2) relating to Orphan Drug Exclusivity, the FDA may not approve another application "for the same drug for the same disease or condition for a

person who is not the holder of such approved application or of such license until the expiration of seven years from the date of the approval of the approved application or the issuance of the license."

14. The Orphan Drug Exclusivity for RADICAVA ORS® expires on May 12, 2029.

15. The Patents-in-Suit are listed in the Approved Drug Products With Therapeutic Equivalence Evaluations ("Orange Book") in connection with NDA No. 215446 for RADICAVA ORS®.

## THE PARTIES

16. Shionogi is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 400 Campus Drive, Florham Park, New Jersey 07932.

17. On information and belief, Lupin Limited is a corporation organized and existing under the laws of India, having a corporate headquarters at 3rd Floor, Kalpataru Inspire, Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India.

18. On information and belief, Lupin Pharmaceuticals is a corporation with corporate offices located at 5801 Pelican Bay Blvd., Suite 500, Naples, Florida 34108, and manufacturing facilities located at 400 Campus Dr., Somerset, New Jersey 08873.

19. On information and belief, Lupin Limited is the holder of ANDA No. 219415, seeking FDA approval to market a generic copy of RADICAVA ORS®.

20. On information and belief, Defendant Lupin Pharmaceuticals is, directly and/or indirectly, a wholly owned subsidiary of Defendant Lupin Limited.

21. On information and belief, each of Lupin Limited and Lupin Pharmaceuticals is in the business of, *inter alia*, directly or indirectly, developing, manufacturing, marketing, distributing, selling, offering for sale, and/or importing generic versions of branded pharmaceutical

products throughout the world, including the United States and the State of New Jersey, either individually or in cooperation.

22. On information and belief, Lupin Limited and Lupin Pharmaceuticals collaborate with respect to the development, regulatory approval, marketing, distribution, and/or sale of generic versions of branded pharmaceutical products in the United States, including in the State of New Jersey.

23. On information and belief, Lupin Limited and Lupin Pharmaceuticals are agents of one another and/or operate in concert as integrated units of the same corporate group.

24. On information and belief, the acts of Lupin Limited set forth in this Complaint were done with the cooperation, participation, and assistance of Lupin Pharmaceuticals.

25. On information and belief, Lupin Limited and Lupin Pharmaceuticals caused Lupin's ANDA No. 219415 to be submitted to FDA and seek FDA approval of Lupin's ANDA.

26. On information and belief, Lupin Pharmaceuticals is the U.S. agent for Lupin Limited with the FDA with respect to ANDA No. 219415.

27. On information and belief, after obtaining FDA approval of Lupin's ANDA No. 219415, Lupin Limited and Lupin Pharmaceuticals will act cooperatively to distribute, offer to sell, and sell the proposed infringing products described in Lupin's ANDA No. 219415 throughout the United States, including the State of New Jersey, consistent with their earlier actions with respect to other generic versions of branded pharmaceutical products.

28. According to the FDA FOIA Request log, available at https://www.fda.gov/media/162035/download?attachment, on September 1, 2022, Lupin Pharmaceuticals submitted Freedom of Information Act Request No. 2022-6329 to the FDA for the Summary Basis of Approval for Radicava ORS (edaravone) oral suspension, 105 mg/5mL.

## JURISDICTION AND VENUE

29.    Shionogi restates, realleges, and incorporates by reference paragraphs 1–28 as if fully set forth herein.

30.    This action arises under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code.

31.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

32.    This Court may exercise jurisdiction over Lupin because, on information and belief, Lupin is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Lupin directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, Lupin purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Lupin's generic products.

33.    On information and belief, as described in Lupin's notification of ANDA No. 219415 and the certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), dated February 27, 2026 ("Lupin's Notice Letter"), Lupin caused ANDA No. 219415 to be submitted to the FDA to seek FDA approval of ANDA No. 219415 prior to the expiration of the Patents-in-Suit listed in the Orange Book for RADICAVA ORS®.

34.    This Court also has personal jurisdiction over Lupin because Lupin has committed, aided, abetted and participated and/or will commit, will aid, will abet and/or will participate in the commission of acts of patent infringement, including acts in this judicial district, which have led to foreseeable harm and injury to Shionogi in this judicial district. This Court also has personal

8

jurisdiction over Lupin because Lupin Limited and/or Lupin Pharmaceuticals have previously consented to personal jurisdiction in this Court. *See*, *e.g.*, *Takeda Pharm. U.S.A., Inc., et al. v. Lupin, Ltd., et al.*, No. 25-12574, ECF No. 22 (D.N.J. Sep. 22, 2025); *Braintree Lab'ys, Inc. v. Lupin Ltd.*, et al., No. 25-13133, ECF No. 14 (D.N.J. Aug. 25, 2025); *Jazz Pharm. Rsch. UK Ltd. f/k/a GW Rsch. Ltd. v. Apotex Inc., et al.*, No. 23-23141, ECF No. 28 (D.N.J. Mar. 20, 2024); *Novo Nordisk Inc., et al. v. Lupin Ltd.*, No. 23-4027, ECF No. 15 (D.N.J. Oct. 2, 2023); *Novo Nordisk Inc., et al. v. Lupin Ltd.*, No. 23-4031, ECF No. 16 (D.N.J. Oct. 2, 2023); *Braintree Lab'ys, Inc., et al. v. Lupin Ltd., et al.*, No. 23-2853, ECF No. 19 (D.N.J. July 25, 2023); *Bausch & Lomb Inc., et al. v. Lupin Ltd., et al.*, No. 23-2452, ECF No. 12 (D.N.J. June 30, 2023); *Bausch & Lomb Inc., et al. v. Lupin Ltd., et al.*, No. 23-2664, ECF No. 12 (D.N.J. June 30, 2023); *Merck Sharp & Dohme LLC v. Lupin Ltd., et al.*, No. 23-94, ECF No. 18 (D.N.J. Mar. 14, 2023); *Catalyst Pharm., Inc., et al. v. Lupin Ltd., et al.*, No. 23-1197, ECF No. 38 (D.N.J. May 3, 2023).

35. Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Lupin Limited for reasons stated above and, *inter alia*, because Lupin Limited is a foreign corporation and may be sued in any judicial district in the United States.

36. Venue is proper, pursuant to 28 U.S.C. §§ 1391 and/or 1400, in this Court for Lupin Pharmaceuticals for reasons stated above and, *inter alia*, because, on information and belief, Lupin Pharmaceuticals has a regular and established place of business in New Jersey and has committed acts of infringement in New Jersey. Venue is also proper in this Court because Lupin Limited and/or Lupin Pharmaceuticals have previously consented to venue in this Court. *See*, *e.g.*, *Braintree Lab'ys, Inc. v. Lupin Ltd., et al.*, No. 25-13133, ECF No. 14 (D.N.J. Aug. 25, 2025); *Catalyst Pharm., Inc., et al. v. Lupin Ltd., et al.*, No. 23-1197, ECF No. 38 (D.N.J. May 3, 2023); *Aragon Pharma., Inc., et al. v. Lupin Ltd., et al.*, No. 22-2825, ECF No. 18 (D.N.J. July 18, 2022);

*Sun Pharma Global FZE, et al. v. Lupin Ltd., et al.*, No 18-2213, ECF No. 12 (D.N.J. May 15, 2018); *Horizon Therapeutics, LLC v. Lupin Ltd., et al.*, No. 17-5900, ECF No. 12 (D.N.J. Sep. 29, 2017).

37.     Moreover, on information and belief, this venue is proper for reasons stated above and, *inter alia*, because Lupin Limited and/or Lupin Pharmaceuticals have previously litigated patent infringement disputes in this judicial district and have affirmatively availed themselves of the jurisdiction of this Court by filing counterclaims in this judicial district, (*see*, *e.g*., *Teva Pharm. Indus. Ltd., et al. v. Lupin Ltd., et al.*, No. 07-247, ECF No. 16 (D.N.J. Mar. 2, 2007)), and by filing suit in this judicial district (*see*, *e.g*., *Lupin Ltd., et al. v. Merck, Sharp & Dohme Corp*, No. 10-683, ECF No. 1 (D.N.J. Feb. 1, 2010)).

## THE PATENTS-IN-SUIT

38.     Shionogi owns the '611 patent, which was duly and legally issued on November 25, 2025, and is entitled "Pharmaceutical composition for oral administration of edaravone and method of administering same." A copy of the '611 patent is attached as Exhibit A.

39.     Shionogi owns the '769 patent, which was duly and legally issued on January 20, 2026, and is entitled "Pharmaceutical composition for oral administration of edaravone and method of administering same." A copy of the '769 patent is attached as Exhibit B.

## DEFENDANTS' ANDA

40.     On information and belief, Lupin submitted to the FDA, and continues to maintain, its abbreviated ANDA No. 219415 relying upon the RADICAVA ORS® data for FDA approval.

41.     On information and belief, Lupin seeks approval of ANDA No. 219415 for a proposed edaravone suspension, administered at a dose concentration of 105 mg/5 mL.

42.    On information and belief, ANDA No. 219415 identifies RADICAVA ORS® as the reference listed drug ("RLD").

43.    On information and belief, Lupin seeks FDA approval of ANDA No. 219415 to engage in the commercial manufacture, use, sale, offer for sale and/or importation of its proposed edaravone suspension as a proposed generic copy of RADICAVA ORS®.

44.    On information and belief, the FDA has not approved ANDA No. 219415.

45.    On information and belief, Lupin sent TPC (the prior owner and/or exclusive licensee of the RADICAVA ORS® business and assets) a letter ("Lupin's Notice Letter"), purporting to include a "Notification Pursuant to the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95): ANDA No. 219415 and RADICAVA ORS® (edaravone)." Lupin's Notice Letter stated that Lupin had filed ANDA No. 219415, seeking approval to manufacture, use, import, offer to sell and/or sell Lupin's generic products before the expiration of the Patents-in-Suit.  Although Lupin's Notice Letter purports that Lupin's proposed edaravone product will not infringe the Patents-in-Suit, Lupin's Notice Letter provides no factual basis for noninfringement.

## CLAIMS FOR RELIEF

## COUNT 1: INFRINGEMENT OF THE '611 PATENT

46. Shionogi restates, realleges, and incorporates by reference paragraphs 1–45 as if fully set forth herein.

47. On information and belief, Lupin submitted and/or caused the submission of ANDA No. 219415 to the FDA, seeking approval of Lupin's proposed edaravone product in the United States prior to the expiration of the '611 patent.

48. On information and belief, Lupin's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '611 patent, including at least Independent Claim 1 of the '611 patent. For example, on information and belief, differences, if any, between the features of Lupin's proposed edaravone product and the claims of the '611 patent are insubstantial, and Lupin's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the methods and/or products claimed in the '611 patent.

49. On information and belief, Lupin has infringed one or more claims of the '611 patent, including at least Independent Claim 1, by actively inducing infringement pursuant to 35 U.S.C. § 271(b), because Lupin's proposed labeling instructs, encourages, and/or promotes the administration by physicians, patients, and/or healthcare providers of an edaravone oral suspension in accordance with the claimed methods of at least Independent Claim 1 of the '611 patent, thereby inducing infringement.

50. Lupin has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '611 patent by submitting ANDA No. 219415

with Lupin's Notice Letter, seeking approval of Lupin's proposed edaravone product prior to the expiration of the '611 patent listed in the FDA Orange Book.

51.  On information and belief, Lupin intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Lupin's proposed edaravone product upon receipt of final FDA approval of ANDA No. 219415.

52.  On information and belief, the importation, manufacture, offer to sell, sale, or use of Lupin's proposed edaravone product in the United States prior to the expiration of the '611 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '611 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

53.  Upon information and belief, Lupin was aware of the '611 patent prior to amending ANDA No. 219415 to add § 505(j)(2)(A)(vii)(IV) allegations with respect to that patent.  Upon information and belief, Lupin's proposed edaravone product and method of using Lupin's proposed edaravone product will induce others – e.g., doctors, pharmacists, healthcare providers, and patients, according to the proposed package insert – to infringe the '611 patent and Lupin possess the specific intent to induce and encourage others to infringe that patent." On information and belief, Lupin amended ANDA No. 219415 to add § 505(j)(2)(A)(vii)(IV) allegations despite an objectively high likelihood that its submission constituted infringement of a valid patent, and this risk was either known to Lupin or so obvious that it should have been known.

54.  Shionogi is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 219415 be a date that is not earlier than the expiration date of the '611 patent or the later expiration of any patent term extension and/or patent

13

term adjustment and any additional periods of exclusivity for the '611 patent to which Shionogi is or becomes entitled.

55.    Shionogi is entitled to a declaration that, if Lupin commercially manufactures, uses, offers for sale, or sells Lupin's proposed edaravone product within the United States, or imports Lupin's proposed edaravone product into the United States, or induces or contributes to such activities, Lupin will infringe one or more claims of the '611 patent under 35 U.S.C. §§ 271(a), (b) and (c).

56.    Shionogi will be irreparably harmed if Lupin is not enjoined from Lupin's activities infringing the '611 patent. Shionogi does not have an adequate remedy and an award of damages would not make Shionogi whole.

<strong><u>COUNT 2: INFRINGEMENT OF THE '769 PATENT</u></strong>

57.    Shionogi restates, realleges, and incorporates by reference paragraphs 1–56 as if fully set forth herein.

58.    On information and belief, Lupin submitted and/or caused the submission of ANDA No. 219415 to the FDA, seeking approval of Lupin's proposed edaravone product in the United States prior to the expiration of the '769 patent.

59.    On information and belief, Lupin's proposed edaravone product infringes, literally and/or under the doctrine of equivalents, one or more claims of the '769 patent, including at least Independent Claim 1 of the '769 patent.  For example, on information and belief, differences, if any, between the features of Lupin's proposed edaravone product and the claims of the '769 patent are insubstantial, and Lupin's proposed edaravone product performs substantially the same function in substantially the same way to obtain the same result as the methods and/or products claimed in the '769 patent.

60.     On information and belief, Lupin has infringed one or more claims of the '769 patent, including at least Independent Claim 1, by actively inducing infringement pursuant to 35 U.S.C. § 271(b), because Lupin's proposed labeling instructs, encourages, and/or promotes the administration by physicians, patients, and/or healthcare providers of an edaravone oral suspension in accordance with the claimed methods of at least Independent Claim 1 of the '769 patent, thereby inducing infringement.

61.     Lupin has infringed, pursuant to 35 U.S.C. § 271(e)(2), literally and/or under the doctrine of equivalents, one or more claims of the '769 patent by submitting ANDA No. 219415 with Lupin's Notice Letter, seeking approval of Lupin's proposed edaravone product prior to the expiration of the '769 patent listed in the FDA Orange Book.

62.     On information and belief, Lupin intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Lupin's proposed edaravone product upon receipt of final FDA approval of ANDA No. 219415.

63.     On information and belief, the importation, manufacture, offer to sell, sale, or use of Lupin's proposed edaravone product in the United States prior to the expiration of the '769 patent will infringe, literally and/or under the doctrine of equivalents, one or more claims of the '769 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

64.     Upon information and belief, Lupin was aware of the '769 patent prior to amending ANDA No. 219415 to add § 505(j)(2)(A)(vii)(IV) allegations with respect to that patent. Upon information and belief, Lupin's proposed edaravone product and method of using Lupin's proposed edaravone product will induce others – e.g., doctors, pharmacists, healthcare providers, and patients, according to the proposed package insert – to infringe the '769 patent and Lupin

15

possess the specific intent to induce and encourage others to infringe that patent." On information and belief, Lupin amended ANDA No. 219415 to add § 505(j)(2)(A)(vii)(IV) allegations despite an objectively high likelihood that its submission constituted infringement of a valid patent, and this risk was either known to Lupin or so obvious that it should have been known.

65. Shionogi is entitled to entry of an order, pursuant to 35 U.S.C. § 271(e)(4), that the effective date of the FDA approval of ANDA No. 219415 be a date that is not earlier than the expiration date of the '769 patent or the later expiration of any patent term extension and/or patent term adjustment and any additional periods of exclusivity for the '769 patent to which Shionogi is or becomes entitled.

66. Shionogi is entitled to a declaration that, if Lupin commercially manufactures, uses, offers for sale, or sells Lupin's proposed edaravone product within the United States, or imports Lupin's proposed edaravone product into the United States, or induces or contributes to such activities, Lupin will infringe one or more claims of the '769 patent under 35 U.S.C. §§ 271(a), (b) and (c).

67. Shionogi will be irreparably harmed if Lupin is not enjoined from Lupin's activities infringing the '769 patent. Shionogi does not have an adequate remedy and an award of damages would not make Shionogi whole.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Shionogi respectfully requests the following relief:

A. A judgment that Defendants have infringed each of the Patents-in-Suit pursuant to 35 U.S.C. § 271(e)(2) by submitting ANDA No. 219415 to the FDA seeking approval of Defendants' proposed edaravone product prior to the expiration of one or more claims of each of the Patents-in-Suit;

16

B.      A judgment that the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States, of Defendants' proposed edaravone product described in ANDA No. 219415 will infringe, induce, and/or contribute to the infringement of one or more claims of each of the Patents-in-Suit;

C.      An order issued pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 219415 be a date not earlier than the expiration date of the last to expire of the Patents-in-Suit, including any patent term extensions and/or patent term adjustments and any additional periods of exclusivity to which Shionogi is or becomes entitled;

D.      A Order preliminarily and permanently restraining and enjoining Defendants, Defendants' directors, officers, agents, attorneys, affiliates, divisions, successors, and employees, and those acting in privity or concert with Defendants, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product, or the use thereof, claimed in the Patents-in-Suit, before the expiration date of the last to expire of the Patents-in-Suit, including any patent term extensions and/or patent term adjustments and any periods of exclusivity, including Orphan Drug Exclusivity, to which Shionogi is or becomes entitled;

E.      A declaration that this is an exceptional case and an award to Shionogi of its reasonable expenses, including attorneys' fees pursuant to 35 U.S.C. § 285;

F.      An award to Shionogi of costs incurred in this action; and

G.      Such other and further relief as the Court may deem just and proper.

17

Dated: April 13, 2026　　　　　　　　s/ William P. Deni, Jr.
　　　　　Newark, New Jersey　　　　　William P. Deni, Jr.
　　　　　　　　　　　　　　　　　J. Brugh Lower
　　　　　　　　　　　　　　　　　Stephen R. Donat
　　　　　　　　　　　　　　　　　**FBT GIBBONS LLP**
　　　　　　　　　　　　　　　　　One Gateway Center
　　　　　　　　　　　　　　　　　Newark, New Jersey 07102
　　　　　　　　　　　　　　　　　(973)-596-4500
　　　　　　　　　　　　　　　　　wdeni@fbtgibbons.com
　　　　　　　　　　　　　　　　　jlower@fbtgibbons.com
　　　　　　　　　　　　　　　　　sdonat@fbtgibbons.com

　　　　　　　　　　　　　　　　　Bryan C. Diner
　　　　　　　　　　　　　　　　　John D. Livingstone (*pro hac vice to be submitted*)
　　　　　　　　　　　　　　　　　Kenneth S. Guerra (*pro hac vice to be submitted*)
　　　　　　　　　　　　　　　　　Alexander E. Newkirk (*pro hac vice to be submitted*)
　　　　　　　　　　　　　　　　　Shivani Karthikeyan (*pro hac vice to be submitted*)
　　　　　　　　　　　　　　　　　**FINNEGAN, HENDERSON, FARABOW,**
　　　　　　　　　　　　　　　　　**GARRETT & DUNNER, LLP**
　　　　　　　　　　　　　　　　　901 New York Avenue, NW
　　　　　　　　　　　　　　　　　Washington, DC 20001-4431
　　　　　　　　　　　　　　　　　(202) 408-4000

　　　　　　　　　　　　　　　　　Chiaki Kobayashi (*pro hac vice to be submitted*)
　　　　　　　　　　　　　　　　　**FINNEGAN, HENDERSON, FARABOW,**
　　　　　　　　　　　　　　　　　**GARRETT & DUNNER, LLP**
　　　　　　　　　　　　　　　　　33rd Floor, Shiroyama Trust Tower
　　　　　　　　　　　　　　　　　3-1, Toranomon 4-chome
　　　　　　　　　　　　　　　　　Minato-ku, Tokyo, JAPAN 105-6033
　　　　　　　　　　　　　　　　　+813-3431-6943

　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　*Shionogi Inc.*

18